HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YOLANDA WILSON,<br><br>    Plaintiff,<br><br> v.<br><br>GREG DRAISS, et al.,<br><br>    Defendants. | No. 12-cv-6042 RBL<br><br>Order<br><br><br>[Dkts. #1, 2] |

## I. INTRODUCTION

Before the Court are Plaintiff's application to proceed *in forma pauperis* [Dkt. #1] and application for appointment of counsel [Dkt. #2]. For the reasons set forth below, the Court denies the applications.

## II. DISCUSSION

**A. Application to Proceed *In Forma Pauperis*.**

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed

*in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Here, the Court must deny Plaintiff's application because (1) Plaintiff appears to have funds sufficient to pay the necessary filing fees; and (2) the Complaint presents claims upon which relief cannot be granted..

First, Plaintiff lists income of $20,000. The Court recognizes that filing fees can be onerous, but must conclude, nonetheless, that Plaintiff has funds sufficient to pay the necessary costs.

Second, the Complaint appears to lack legal merit. Plaintiff alleges that a group of rival gardeners has been defaming and slandering her on the internet. It is clear, however, from the facts alleged, that the statements are not factual in nature. *See, e.g.*, *Albert v. Loksen*, 239 F.3d 256, 265–66 (2nd Cir. 2001). The Court will not resolve mean comments on the internet.

**B. Application for Appointment of Counsel.**

Pursuant to 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent any person unable to afford counsel. Under § 1915, the Court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

As noted above, Plaintiff is unlikely to succeed on the merits at this time. Thus, the Court must decline to appoint counsel.

### III.   ORDER

For the reasons stated above, the Court **DENIES** the application to proceed *in forma pauperis* [Dkt. #1] and the application to appoint counsel [Dkt. #2].  Plaintiff has **15 days** to pay the filing fees or the case may be dismissed.

Dated this 11th day of January 2013.

Ronald B. Leighton
United States District Judge